NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-777

MARCUSHAWN L. SMITH

VERSUS

VILLE PLATTE HOUSING AUTHORITY, ET AL.

**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 73426-B
HONORABLE CHUCK RANDALL WEST, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and John E. Conery, Judges.

AFFIRMED.

Guy Olden Mitchell, III
Attorney at Law
225 Court Street
Ville Platte, LA 70586-4492
(337) 363-0400
COUNSEL FOR PLAINTIFF-APPELLANT:
    Marcushawn L. Smith

Kevin Wade Trahan
Ottinger, Hebert, L.L.C.
P. O. Drawer 52606
Lafayette, LA 70505-2606
(337) 232-2606
COUNSEL FOR DEFENDANTS-APPELLEES:
    Ville Platte Housing Authority, et al.

**PICKETT, Judge.**

Marcushawn Smith appeals a judgment of the trial court dismissing his claims against the Ville Platte Housing Authority.

## DISCUSSION

Mr. Smith fell on property owned by the Ville Platte Housing Authority. He alleged that he stepped in a hole in a grassy area and seriously injured his ankle. He filed suit against the Ville Platte Housing Authority (VPHA), Louisiana Housing Council, Inc. (LHC), and FARA Insurance Services, Inc. VPHA pled the provisions of La.R.S. 9:2800 as an affirmative defense. After a trial, LHC and FARA were dismissed upon agreement of the parties. The trial court ruled that the hole Mr. Smith stepped in did not create an unreasonable risk of harm and dismissed VPHA with prejudice. Mr. Smith now appeals.

## ASSIGNMENT OF ERROR

Mr. Smith asserts one assignment of error:

> The Court committed legal error when it misapplied the law regarding burden of proof by a preponderance of evidence; requiring a higher burden than the law requires; or committed manifest error regarding the facts of the case.

## DISCUSSION

Any discussion of premises liability necessarily begins with La.Civ.Code arts. 2317:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

Louisiana Revised Statutes 9:2800 provides further guidance on claims made against public entities for defects in the premises:

A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.

B. Where other constructions are placed upon state property by someone other than the state, and the right to keep the improvements on the property has expired, the state shall not be responsible for any damages caused thereby unless the state affirmatively takes control of and utilizes the improvement for the state's benefit and use.

C. Except as provided for in Subsections A and B of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

D. Constructive notice shall mean the existence of facts which infer actual knowledge.

E. A public entity that responds to or makes an examination or inspection of any public site or area in response to reports or complaints of a defective condition on property of which the entity has no ownership or control and that takes steps to forewarn or alert the public of such defective condition, such as erecting barricades or warning devices in or adjacent to an area, does not thereby gain custody, control, or garde of the area or assume a duty to prevent personal injury, wrongful death, property damage, or other loss as to render the public entity liable unless it is shown that the entity failed to notify the public entity which does have care and custody of the property of the defect within a reasonable length of time.

F. A violation of the rules and regulations promulgated by a public entity is not negligence per se.

G. (1) "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:384(15), and their commissioners and other officers and employees and sewerage and water boards and their employees, servants, agents, or subcontractors.

(2) "Public site or area" means any publicly owned or common thing, or any privately owned property over which the public's access

2

is not prohibited, limited, or restricted in some manner including those areas of unrestricted access such as streets, sidewalks, parks, or public squares.

In *Chambers v. Village of Moreauville*, 11-898, p. 5 (La. 1/24/12), 85 So.3d 593, 597, the supreme court set forth the standard of proof in a premises liability claim against a public entity:

> Under La.R.S. 9:2800, in order to prove a public entity is liable for damages caused by a thing, the plaintiff must establish: (1) custody or ownership of the defective thing by the public entity; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. *Lasyone v. Kansas City Southern R.R.*, 00-2628 (La.4/3/01), 786 So.2d 682, 690; *Dupree v. City of New Orleans*, 1999-3651 (La.8/31/00), 765 So.2d 1002, 1008.

In this case, VPHA stipulated at trial that it had custody of the grounds upon which Mr. Smith fell. The trial court found that the hole, measuring six inches wide and four or five inches deep, in a grassy area did not constitute an unreasonable risk of harm. The trial court's ruling is a finding of fact reviewed under the manifest error standard of review. *Chambers*, 11-898 (La. 1/24/12), 85 So.3d 593. Thus, we cannot reverse the finding of the trial court unless we find that no reasonable basis exists in the record to support the finding and the finding is clearly wrong. *Mart v. Hill*, 505 So.2d 1120 (La.1987).

The supreme court has adopted a risk-utility balancing test to aid the trier of fact in determining whether a defect presents an unreasonable risk of harm, taking into account four pertinent factors:

> (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.

*Broussard v. State ex rel. Office of State Bldgs.*, 12-1238, p. 10 (La. 4/5/13), 113 So.3d 175, 184.

The hole in this case was in a grassy area. Mr. Smith chose to walk through the grassy area rather than use the sidewalks available. The trial court specifically found that the cost of finding holes of the nature Mr. Smith stepped in on the campus of the VPHA grounds would be prohibitive. The trial court also found that VPHA could not institute safeguards to prevent people from crossing the lawn rather than using the sidewalks.

The trial court analogized the case to *Lee v. Magnolia Garden Apartments*, 96-1328 (La.App. 1 Cir. 5/9/97), 694 So.2d 1142, *writ denied*, 97-1544 (La. 9/26/97), 701 So.2d 990. In *Lee*, the court found that a two-inch deep, five-inch long hole in an apartment complex lawn did not create an unreasonable risk of harm. Like the instant case, the plaintiff in *Lee* stepped in a hole in a grassy area when there were sidewalks available for foot traffic.

In brief, Mr. Smith argues that because he fell in the hole and injured himself, the trial court committed legal error in finding that the hole did not create an unreasonable risk of harm. We disagree. His argument would impose strict liability on VPHA for any injury suffered on its premises, regardless of the nature of the defect. As we have discussed, the statutes and jurisprudence do not support his argument.

## <u>CONCLUSION</u>

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, Marcushawn Smith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2−16.

4